# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE HOLMES, | CV F 04-5183 REC LJO P |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1.) |
| ADAMS, et. al., | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |
| Defendants. | |

Dewayne Holmes ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on January 28, 2004, naming D.G. Adams, Warden, R. Marsh, Associate Warden, J. Marshall, Chief Deputy Warden, and the California Department of Corrections as Defendants. Plaintiff alleges that his rights under the Eighth and Eleventh Amendment were violated by the Defendants.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

     A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. ANALYSIS**

    *1. Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named

defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

The exact nature of Plaintiff's claims are unclear. Plaintiff contends that a person by the name of "C. Plath" Plath sexually harassed and assaulted him and yet he was allowed to work around Plaintiff even though he was being investigated for these incidents. Plaintiff then makes unclear complaints about an appeal regarding legal documents. However, nowhere does Plaintiff link any of the named Defendants to an act or an omission giving rise to his claim of deliberate indifference. Plaintiff states generally that "Defendants" were responsible for the deliberate indifference because Plath continued to work around him.

### 2. Eighth Amendment

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit, 682 F.2d at 1250-51 (9th Cir. 1982); Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer at 834 (*citing* Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837.

As noted above, Plaintiff fails to indicate what act or omission gave rise to his claim of deliberate indifference and further fails to link any of the named Defendants to such act or omission. Thus, Plaintiff fails to state a claim for relief under the Eighth Amendment.

### 3. Supervisory Liability

To the extent Plaintiff is attempting to hold the Defendants liable under a theory of

3

1 supervisory liability, he fails to state a claim for relief.

2 Supervisory personnel are generally not liable under section 1983 for the actions
3 of their employees under a theory of respondeat superior and, therefore, when a named defendant
4 holds a supervisorial position, the causal link between him and the claimed constitutional
5 violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
6 Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To
7 state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff
8 must allege some facts that would support a claim that supervisory defendants either: personally
9 participated in the alleged deprivation of constitutional rights; knew of the violations and failed
10 to act to prevent them; or promulgated or "implemented a policy so deficient that the policy
11 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional
12 violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted);
13 Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are
14 broad, some facts must be alleged to support claims under section 1983. See Leatherman v.
15 Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

16 Plaintiff has not alleged any facts indicating that defendants personally participated in the
17 alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent
18 them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation
19 of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v.
20 Black at 646.

21 ### 4. Eleventh Amendment

22 Plaintiff alleges his rights under the Eleventh Amendment have been violated. However,
23 he does not articulate exactly how he has rights under the Eleventh Amendment that were
24 violated.

25 The Eleventh Amendment bars a suit in federal court against either a state or an agency
26 acting under its control. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S.
27 139, 144, 113 S.Ct. 684 (1993); Alabama v. Pugh, 438 U.S. 781, 782, 98 S.Ct. 3057 (1978);
28 Edelman v. Jordan, 415 U.S. 651, 662-63, 94 S.Ct. 1347 (1974); see also Will v. Michigan Dep't.

of State Police, 491 U.S. 58, 63-64, 71, 109 S.Ct. 2304 (1989) (state is not a person within the meaning of § 1983). However, is not a Defendant state or agency.

To the extent Plaintiff is alleging that the California Department of Corrections ("CDC") is not immune under the Eleventh Amendment, he may not maintain a Section 1983 action against the CDC because the CDC is not a person within the meaning of Section 1983. Howlett v. Rose, 496 U.S. 356, 395 (1990) (governmental agency that is arm of the state is not a person for the purposes of Section 1983.) Accordingly, Plaintiff fails to state a claim under the Eighth Amendment.

**C. CONCLUSION AND ORDER**

The Court finds that Plaintiff's complaint does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants. The Court will provide Plaintiff with time to file an Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The Amended Complaint must specifically state how each defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Amended Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Amended Complaint is DISMISSED with leave to amend. Within THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

   a. File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

   b. Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   June 24, 2005**                             **/s/ Lawrence J. O'Neill**
b9ed48                                              UNITED STATES MAGISTRATE JUDGE